## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JENNIFER M. RAMIREZ** | § | |
| **ON BEHALF OF HERSELF AND** | § | **JURY DEMANDED** |
| **ALL OTHERS SIMILARLY SITUATED,** | § | |
| ***Plaintiffs*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | **5:19-cv-1166** |
| **CITY OF SAN ANTONIO, TEXAS** | § | |
| ***Defendant*** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff JENNIFER M. RAMIREZ ("RAMIREZ"), on behalf of herself and all others similarly situated (collectively "Plaintiffs"), files this Original Complaint ("Complaint") against Defendant CITY OF SAN ANTONIO, TEXAS ("Defendant") and would show the Court as follows:

### I. PRELIMINARY STATEMENT

1.     This lawsuit seeks damages against Defendant for violations of the Fair Labor Standards Act ("FLSA"), as amended. RAMIREZ, on behalf of herself and all similarly situated employees, seeks to recover unpaid overtime, statutory liquidated damages, attorneys' fees and costs. See Exhibit 1 (RAMIREZ's Consent to Join). Moreover, RAMIREZ seeks to certify this matter as a collective action under the FLSA.

### II. PARTIES

2.     Plaintiff RAMIREZ is an individual residing in Bexar County, Texas.

3.     Defendant CITY OF SAN ANTONIO, TEXAS ("COSA" or "DEFENDANT") is a municipality and may be served through its City Clerk, Leticia Vacek, at City Hall, 100 Military Plaza, San Antonio, Texas 78205.

### III. JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of herself and themselves and other employees similarly situated." In addition, this Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 because the claims arise under laws of the United States.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### IV. FACTS

6.      At all times pertinent to this Complaint, COSA has been an employer and enterprise engaged in commerce within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7.      RAMIREZ has been employed by COSA since November 13, 2006.

8.      In 2010, RAMIREZ began serving in a GIS Analyst position.

9.      In January 2018, RAMIREZ noticed a lump sum payment of over $1,000.00 on her paystub.

10.     Accordingly, on or about January 11, 2018, RAMIREZ contacted the Human Resources Department to determine the reason for the lump sum payment. Stephen Middleton ("Middleton") told RAMIREZ that she was randomly selected to receive this lump sum payment because her department had a surplus in its budget.

11.     Moreover, Middleton notified RAMIREZ that she was an hourly employee despite the fact that she had never been required to submit timesheets or to clock in or

out of work while serving in the GIS Analyst role.

12.    Thereafter, on or about May 1, 2018, Middleton informed RAMIREZ that she was a non-exempt employee and that she had been in a non-exempt position since approximately 2012.

13.    During discussions with personnel from the Human Resources Department in early 2018, COSA admitted that it failed to pay RAMIREZ overtime as required by the FLSA and offered to pay RAMIREZ overtime owed. As a condition of this payment, COSA required that RAMIREZ compile emails, in chronological order, reflecting that she worked outside her scheduled shift and insisted that she match up each of the emails with the respective pay period.  COSA requested that she do so for a three (3) year time period.  RAMIREZ was not permitted to do so during her scheduled shift.  Rather, RAMIREZ had to do so during her 15-minute breaks and while she was not on duty. Since early 2018, RAMIREZ has been making efforts to do this.

14.    Frustrated and overwhelmed with this assignment, RAMIREZ conferred with a new union representative who immediately recognized the task was unnecessary. Thus, the union representative requested, on behalf of RAMIREZ, a copy of RAMIREZ's computer log out records; however, COSA refused to provide them.

15.    As far back as 2012 to approximately March 2018, on average, RAMIREZ worked approximately 10-20 hours of overtime per workweek.

16.    RAMIREZ'S supervisor, Diana Molina, was fully aware of this and encouraged RAMIREZ to do so.

17.    COSA did not pay RAMIREZ one and one-half her regular rate for all hours worked over forty (40) in a workweek.

18.    COSA employs similarly situated employees in the GIS Analyst role and

those employees were not paid one and one-half their regular rate for all hours worked over forty (40) in a workweek.

19.     RAMIREZ and other similarly situated employees in the GIS Analyst role that were not paid overtime performed job duties typically associated with non-exempt employees. In fact, Middleton admitted that RAMIREZ's position, GIS Analyst, was classified as non-exempt under the FLSA since as early as 2012.

20.     RAMIREZ and other similarly situated employees worked more than forty (40) hours in at least one workweek during the three (3) years before this Complaint was filed.

21.     COSA was aware, and should have been aware, that RAMIREZ and other similarly situated employees regularly worked in excess of forty (40) hours per workweek.

22.     COSA's conduct as described herein was not based in good faith and was without a reasonable belief that it complied with the FLSA.

23.     COSA's conduct as described herein was willful in that it either knew or showed reckless disregard as to whether its conduct violated the FLSA.

24.     No justification or excuse existed for COSA's practice of failing to compensate RAMIREZ and other similarly situated employees lawfully.

## V. CAUSE OF ACTION: FLSA-OVERTIME WAGES

25.     The preceding paragraphs are incorporated by reference herein for all purposes.

26.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to COSA and protect RAMIREZ and the putative class members.

27.     The FLSA requires a covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

28.     Throughout the relevant period, COSA failed to pay RAMIREZ and other similarly situated employees wages at time-and-a-half for hours that they worked over forty (40) hours in a workweek.

29.     Throughout the relevant period, COSA expected and required RAMIREZ and the putative class members to be available to work more than forty (40) hours in a workweek.

30.     As a result of COSA's unlawful acts, RAMIREZ and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

31.     COSA's unlawful conduct has been willful and intentional. COSA was aware or should have been aware that the practices described herein are unlawful. COSA has not made a good faith effort to comply with the FLSA with respect to the compensation of RAMIREZ and the putative class members.

32.     Because COSA's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

33.     COSA was aware that it violated the FLSA as early as January 2018, failed to take any actions to rectify the situation, and failed to apprise RAMIREZ of her rights under the FLSA, including but not limited to failing to post USDOL-Compliance Notices in RAMIREZ's workplace. Instead, COSA forced RAMIREZ to waste over a year gathering documentation and information, during her off-duty time, that COSA had in

its possession. For these reasons, RAMIREZ and the Putative Class Members are entitled to a just and reasonable amount of equitable tolling.

## VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

34. The preceding paragraphs are incorporated by reference herein for all purposes.

35. Pursuant to Section 16(b) of the FLSA, RAMIREZ brings this Complaint as a collective action, on behalf of herself and all persons similarly situated who consent to join this litigation, by filing a written consent with the Court, such persons making claims under the FLSA for the three years preceding the date the Court deems is reasonable and just pursuant to the request for equitable tolling in paragraph 33 above, the three years preceding the filing of this Complaint, or the three years preceding the filing with the Court of each such person's written consent to join until entry of judgment after trial.

36. COSA has a common policy of allowing non-exempt GIS Analyst to work more than forty (40) hours in a workweek; however, when said employees worked more than forty (40) hours in a workweek, COSA do not pay them time and one-half of their regular rate for all hours worked over forty.

37. Therefore, the Court should certify a collective action of all employees in a non-exempt GIS Analyst position permitted to work more than forty (40) hours in a workweek; who were not compensated at time-and-a-half their regular rate for hours that they worked over forty (40) hours in a workweek; and that worked at any time from January 2015 to the present.

38. RAMIREZ is informed and believes, and based thereon, alleges that there are other FLSA class members who could "opt-in" to this class.

39.     Additionally, the actual number of FLSA class members is readily ascertainable by a review of COSA's records through appropriate discovery, and RAMIREZ proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII. JURY TRIAL DEMAND

40.     RAMIREZ, on behalf of herself and members of the putative class, demand a jury trial on all issues so triable.

## IX. PRAYER

41.     RAMIREZ, on behalf of herself and all similarly situated employees, respectfully requests that the Court certify this case as a collective action under the Fair Labor Standards Act and order court-supervised notice to the class and further demands judgment against COSA for the following:

(a)     actual damages for unpaid overtime wages under the FLSA;

(b)     liquidated damages as provided by the FLSA;

(c)     attorney's fees under the FLSA;

(d)     pre-judgment and post-judgment interest as provided by law;

(e)     all costs of court; and

(f)     any other relief to which RAMIREZ and the members of the putative class may be entitled, whether in law or equity.

Respectfully submitted,

**THE MORALES FIRM, P.C.**
6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Phone: 210.225.0811 Fax: 210.225.0821

BY: /S/ Melissa Morales Fletcher
Melissa Morales Fletcher, *Of Counsel*
State Bar No. 24007702
Email: Melissa@themoralesfirm.com

**ATTORNEY FOR PLAINTIFFS**